## No. 251

No. 20135—John Crawford v. State of Ohio. Error to the Court of Appeals of Portage County.

**941. PRACTICE & PROCEDURE—Where Common Pleas Court renders judgment of affirmance and Court of Appeals has adjourned in such county and will not meet again for more than 30 days thereafter, petition in error may be filed within 10 days after it is in session pursuant to Sec. 6212-20 GC.**

DAY, J.

Where a judgment of affirmance has been rendered in the court of common pleas against a defendant in a prosecution for violation of the liquor laws of this state and the court of appeals has adjourned its term in such county and is not in session within the time fixed by statute for filing a petition in error, to wit, thirty days after the rendition of such judgment of affirmance, such petition in error may be filed in the court of appeals within ten days after it is in session, pursuant to Section 6212-20, General Code, that being the method provided by law for the exercising of such jurisdiction.

Judgment reversed and cause remanded.

Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

## No. 252

No. 20044—The Motor Finance Corporation v. M. H. Huntsberger. Error t othe Court of Appeals of Stark county.

**147. BILLS & NOTES—1. Holder in due course must take in good faith and want of same is not shown when maker gave note to aid payee in the performance of an executory contract of which the indorsee had notice, there being no breach of the contract.**

**2. One held to have no notice of infirmity. Consideration held to be sufficient where payee agrees to perform executory contract concurrently with negotiation of note.**

**3. A purchaser of such a note does not become a guarantor of performance, neither is he bound to apply the proceeds to the performance of such executory contract.**

MARSHALL, CJ.

1. A holder of negotiable paper in due course is defined by section 8157, General Code It is one of the elements of that definition that the purchaser must take the instrument in good faith and want of good faith is not made to appear by showing that the note was given by the maker to aid the payee in the performance of an executory contract of which the indorsee had notice and knowledge, there being no breach of the executory contract at the time of the transfer and the indorsee having no knowledge or reason to believe that the executory contract would later be breached.

2. It is a further element of the definition of a holder in due course that at the time of the negotiation of the instrument the indorsee had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Where the consideration of a promissory note is the promise on the part of the payee to perform an executory contract made between the maker and payee concurrently in point of time with the execution and delivery of the note, such promise constitutes a sufficient consideration for the note and the indorsee thereof for full value and before maturity in good faith of such a note regular on its face is a holder in due course if the executory contract has not been breached at or prior to the time of such negotiation.

3. The purchaser of a promissory note under such circumstances does not become a guarantor of performance of the executory contract by the payee, neither is such purchaser bound to see to the application of the proceeds of the note to the performance of such executory contract.

Judgment reversed.

Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

## No. 253

No. 19946—The National Liberty Insurance Company of America v. The Sturtevant-Jones Company. Error to the Court of Appeals of Lucas County.

**123. BAILMENTS—Where contract of bailment has no exemption clause, no act whether unauthorized or not, can abrogate the contract.**

ROBINSON, J.

Where a contract of bailment contains no exemption from liability on account of unauthorized acts of the servants of the bailee, no act of the servant of the bailee, whether or not authorized by the bailee, committed while the servant is in possession of the subject of bailment by authority of the bailee, is effective to abrogate the contract between the bailor and the bailee nor to absolve the bailee from liability to the bailor for a breach of such contract, which if done by the bailee in person would not accomplish such result.

Judgment reversed.

Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.